IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | |
|     Mikele D. Miller : | |
| : | |
| : | Chapter 13 |
|     Debtor : | |
| : | |
| Andrew R. Vara : | Case No. 1:18-bk-02765 |
| Acting United States Trustee : | |
|     Movant : | |
| : | |
| v. : | |
| : | |
| Mikele D. Miller : | |
|     Respondent : | |

DEBTOR'S ANSWER AND OBJECTION TO
UNITED STATES TRUSTEE'S MOTION TO DISMISS

COME NOW, this 15th day of November, 2018, the Debtor, Mikele D. Miller, by and through counsel, CGA Law Firm P.C., E. Haley Rohrbaugh, Esquire, and does respond to the Motion to Dismiss as follows:

    1.    This Paragraph contains a conclusion of law to which no response is required.

    2.    This Paragraph contains a conclusion of law to which no response is required.

    3.    This Paragraph contains a conclusion of law to which no response is required.

    4.    This Paragraph contains a conclusion of law to which no response is required.

    5.    Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Denied, for the reasons set forth hereinbelow.

13. Denied. The loan balance on the 2016 Ram 1500 Pickup Truck was $45,141.00 on June 25, 2018 when the Debtor's credit report was pulled by counsel. A copy will be provided to the Movant. Therefore, the correct amount for the net vehicle ownership expense on Line 13c is what is currently filed with the Court.

14. Denied. Life Insurance is also deducted from Debtor's pay on Schedule I; therefore, Line 18 on the means test is correct.

15. Denied, for the reasons in Paragraphs 13 and 14.

16. While it is admitted that Debtor has now decided to surrender the real estate in New York, that was not his intention upon filing. That change will be reflected in an amended means test. Debtor's elderly mother required surgery and is dependent upon Debtor now even more than pre-petition and he has been unable to keep up with the payments on the NY property.

17. Denied, for the reasons stated above.

18. Denied, for the reasons stated above.

19. This Paragraph contains a conclusion of law to which no response is required.

{01555802/1}

20. Admitted.

21. Denied. The payment advices contain four different deductions for retirement which add up to the stated amount on Schedule I. There is no inflation of the numbers. The deductions reported on Schedule I reflect the numbers on the pay advices.

22. Denied. Schedule J reflects a truck payment, a motorcycle payment, and Debtor's Spouse's auto loan payment. Debtor suffers from significant medical conditions as a result of his time serving in the military and recently had complete reconstructive surgery of his shoulder and back. Debtor's motorcycle is important as it is therapeutic for the Debtor to deal with his time in the military, both emotionally and physically. Additionally, it is more economical for Debtor to operate the motorcycle as much as possible, and while it is unsuitable for travel in the winter, the Debtor's truck is available for cold or snowy conditions. In re Graham, 363 B.R. 844, 853 (Bankr. S.D. Ohio 2007). There is also no evidence that Debtor maintains an extravagant lifestyle. Both he and his spouse work for the US Postal Service, and they care for their two children and elderly mother full-time. Similar to In re Graham, the vehicles should be considered a reasonable and necessary under Mr. Miller's circumstances.

23. Denied. Other than the New York property expenses, which will now be offset by Mr. Miller's elderly mother's expenses, there should be no other change to the monthly payroll deductions and expenses.

24. Denied, for the reasons set forth above.

25. This Paragraph contains a conclusion of law to which no response is required.

26. Denied, for the reasons set forth above. Amended Schedules I and J and means test will be filed to show that Debtor is eligible for a Chapter 7 Discharge.

27. Denied. Debtor's Bankruptcy petition was filed due to claims by the Department of Veteran's Affairs that Debtor was overpaid, and Debtor and his family were facing a garnishment for the alleged overpayment amount. Mr. Miller is eligible for Disability due to his medical conditions resulting from his time in the military service, but chooses to work full-time in order to care for his family.

28. Admitted in part, denied in part. While Debtor and his spouse are well-employed, Debtor and his spouse also have high expenses and have been struggling financially. The decision to surrender the property in New York was difficult, but necessary, and Debtor still qualifies for a Chapter 7 Discharge.

29. Denied, for the reasons set forth above.

WHEREFORE, it is requested that "abuse" not be found, and the Chapter 7 case of the Debtor not be dismissed.

Respectfully submitted,
CGA Law Firm, P.C.

/s/ E. Haley Rohrbaugh
E. Haley Rohrbaugh, Esquire
Supreme Court ID 323803
135 North George Street
York, PA 17401
(717) 848-4900
hrohrbaugh@cgalaw.com
*Counsel for Debtor*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
|    Mikele D. Miller | : | |
| | : | |
| | : | Chapter 13 |
|         Debtor | : | |
| | : | |
| Andrew R. Vara | : | Case No. 1:18-bk-02765 |
| Acting United States Trustee | : | |
|         Movant | : | |
| | : | |
| v. | : | |
| | : | |
| Mikele D. Miller | : | |
| | : | |
|         Respondent | : | |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 15, 2018, he served a true and correct copy of the Answer to Motion to Dismiss filed in the above-captioned matter on the following:

Steven M. Carr, Chapter 7 Trustee, ECF

Office of the U.S. Trustee, ECF


                                                /s/ E. Haley Rohrbaugh
                                                E. Haley Rohrbaugh, Esquire